UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JAMES COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER GOFF, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-0575 TLN DB P<br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis ("IFP") and complaint for screening. For the reasons set forth below, this court will grant plaintiff's IFP motion, dismiss the complaint, and give plaintiff leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

1  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3      The Civil Rights Act under which this action was filed provides as follows:

4          Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the deprivation
5          of any rights, privileges, or immunities secured by the Constitution .
. . shall be liable to the party injured in an action at law, suit in equity,
6          or other proper proceeding for redress.

7  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

9  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

10 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

11 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

12 an act which he is legally required to do that causes the deprivation of which complaint is made."

13 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14 **II. Analysis**

15   **A. Allegations of the Complaint**

16     Plaintiff is incarcerated at the Sacramento County Jail ("Jail"). It is not clear whether

17 plaintiff is a detainee or a convicted prisoner. In any amended complaint, plaintiff must identify

18 his status at the time of the conduct he complains of. Plaintiff names thirteen defendants.

19     Plaintiff alleges Deputy Golosinsky summoned Deputy Goff for help. Goff then punched

20 plaintiff and ripped his dreadlocks from his scalp while plaintiff was handcuffed and in a full

21 Nelson position. Deputy Woods also punched plaintiff; Deputy Dennis "aggressively shoved"

22 plaintiff; Deputies Dennis, Golosinsky, and Martinez pulled plaintiff's pants down. Plaintiff

23 states that Golosinsky, Goff, and Deputy Masterson threatened to assault him prior to this assault.

24     Golosinsky told him to "shut up little boy" and Goff called him an asshole when plaintiff

25 was attempting to talk with a female inmate. Golosinsky and Goff punched and kneed plaintiff in

26 the back when he was in his cell.

27     Plaintiff states that he is alleging claims of excessive force, violation of his right to

28 practice his religion, racial discrimination, false imprisonment,

**B. Does Plaintiff State Claims Cognizable under § 1983?**

Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983. Plaintiff fails to state facts showing what lead up to the events he complains of. For example, plaintiff should state the facts showing why he was handcuffed and when this occurred. Plaintiff must explain in more detail just what occurred and just what each defendant did that he contends violated his constitutional rights. This court notes that while plaintiff lists thirteen defendants as parties, he only describes conduct by six deputies.

Further, while plaintiff identifies several legal bases for his claims, the facts he has provided only support a possible excessive force claim. Plaintiff makes no showing that any defendant was motivated to harm him due to his race, that any defendant pulled his dreadlocks to interfere with his right to practice his religion, or that he was being unlawfully held at the Jail. Below, this court sets out the legal standards for an excessive force claim.

Initially, plaintiff should note that different legal standards apply depending on whether plaintiff was a convicted prisoner or a detainee when these events occurred. Plaintiff must explain his status in any amended complaint.

If plaintiff was a convicted prisoner, then his claims arise under the Eighth Amendment. In order to state a claim that a defendant has violated plaintiff's Eighth Amendment right to be free of excessive force, plaintiff must allege facts showing that he was subjected to excessive physical force that was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation omitted).

If plaintiff was a pretrial detainee, then his claims arise under the Fourteenth Amendment. To state a Fourteenth Amendment claim of excessive force, plaintiff must allege facts showing that a defendant's actions were objectively unreasonable in light of the facts and circumstances confronting him, regardless of the defendant's intent or motive. Robinson v. Cty. of Shasta, 384 F. Supp. 3d 1137, 1149-50 (E.D. Cal. 2019) (citing Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)).

////

**CONCLUSION**

Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with their complaint that are explained above. Plaintiff is advised that in an amended complaint they must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, they must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. Cnty of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

1    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

2    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

3    N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

4    which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

5        An amended complaint must be complete in itself without reference to any prior pleading.

6    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

7    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

8    evidentiary support for his allegations, and for violation of this rule the court may impose

9    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

10       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

11   follows:

12       1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

13       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

15   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16   Sacramento County Sheriff filed concurrently herewith.

17       3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

18       4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

19   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

20   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

21   assigned this case and must be labeled "First Amended Complaint;" failure to file an amended

22   complaint in accordance with this order may result in a recommendation that this action be

23   dismissed.

24   ////

25   ////

26   ////

27   ////

28   ////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 14, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/cole0575.scrn LTA