UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JAMES COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER GOFF, et al.,<br><br>Defendants. | No. 2:24-cv-0575-TLN-SCR (P)<br><br><br><br>**ORDER** |

Plaintiff Andrew James Coleman ("Plaintiff"), a county inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 2, 2024, the magistrate judge filed findings and recommendations which were served on Plaintiff, and which contained notice that any objections to the findings and recommendations were to be filed within twenty-one days. The deadline has passed, and no objections have been filed.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). The Court has reviewed the file and finds the findings and recommendations to be supported by

1

the record.

Additionally, the Court notes that in determining whether to dismiss a case for failure to comply with a court order and/or failure to prosecute, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted) (applying these factors in evaluating dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (same standard applied for dismissal based on failure to prosecute).

Here, Plaintiff's failure to file an amended complaint and failure to object to the findings and recommendations indicate Plaintiff has effectively abandoned this case. The Court cannot continue to expend scare judicial resources on an abandoned case. Accordingly, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the Defendants all weigh in favor of dismissal. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."). Additionally, Plaintiff was provided an opportunity to object to the findings and recommendations to dismiss this case and the Court finds less drastic alternatives are not available. While the public policy favoring disposition of cases on their merits weighs against dismissal, the Court finds on balance dismissal is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 14) are ADOPTED in full;
2. This case is DISMISSED without prejudice for plaintiff's failure to prosecute and failure to comply with the court's June 14, 2024, order (ECF No. 11); and
3. The Clerk of Court is directed to close the case.

Date: December 13, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE